IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ISAAC E. GOODWIN,                    :

    Plaintiff,                    :

vs.                                            CA 05-0079-C[1]

                                         :

JO ANNE B. BARNHART,
Commissioner of Social Security,     :

    Defendant.

## MEMORANDUM OPINION AND ORDER

The Commissioner has moved for entry of judgment under sentence four of 42 U.S.C. § 405(g) with remand of this cause for further administrative proceedings. (Doc. 14)

> Upon remand by the Court, the Appeals Council will vacate the October 22, 2002 administrative decision and remand the matter to an Administrative Law Judge (ALJ) with instructions to conduct another administrative hearing to consider vocational expert testimony regarding the availability of jobs with Plaintiff's residual functional capacity, using a hypothetical question that fully reflects Plaintiff's physical and mental residual functional capacity. In addition, the ALJ will ask[] the vocational expert to identify and explain any conflicts between his/her testimony and the <u>Dictionary of Occupational Titles</u>, as required by Social

---

[1] The parties have consented to the exercise of jurisdiction by the undersigned, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court, including disposition of this motion. (Doc. 10 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings."))

Security Ruling 00-4p.

(*Id*. at 1-2)

The motion to remand reveals that counsel for the defendant, Patricia N. Beyer, Esquire, notified plaintiff's counsel, Colin E. Kemmerly, Esquire, of the contents of the motion and was advised by plaintiff's counsel that the plaintiff would interpose no objection to the motion to remand.  (*Id*.)

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" the Court reverses and remands this case for further proceedings pursuant to sentence four of § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's

jurisdiction over this matter.[2]

**DONE** this the 22nd day of August, 2005.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

---

[2]     Oral argument in this case, presently scheduled for September 27, 2005 (Doc. 8), is **CANCELED**.